**Gregory A. STANHOPE, Petitioner—Appellant,**

v.

**Terry L. STEWART, et al., Respondents—Appellees.**

No. 00–15887.

D.C. No. CV–98–00112–RCC.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 14, 2002.*

Decided Aug. 29, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before HALL, KOZINSKI and McKEOWN, Circuit Judges.

### MEMORANDUM**

Petitioner Gregory Stanhope raises two claims in his appeal from the district court's denial of his habeas corpus petition. First, he contends that his trial counsel rendered ineffective assistance by failing to interview Donald Brammer before Brammer was called as a witness. Second, Stanhope argues that the government violated *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to disclose that it had entered into an agreement with Brammer whereby it allegedly promised Brammer lenity on charges brought against him in return for his testimony against Stanhope. Because the parties are familiar with the facts of the case, we recount them here only to the extent necessary to explain our rulings.

■ Stanhope's ineffective assistance claim fails because he has not made the required showing of prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). While Brammer's testimony that he was not with Stanhope at all during the night of the crimes may have cast doubt on Stanhope's credibility, even if Brammer had testified as Stanhope claims he expected—that he and Stanhope had been watching television in Brammer's apartment at 11:00 on the night of the crimes—this testimony would not have provided an alibi for the crime, which had occurred two hours earlier in the evening.

Moreover, the evidence against Stanhope was so strong that there was not a reasonable probability that the result of the case against him would have been different but for the "surprise testimony." Both victims of the attack had identified Stanhope as the assailant; his fingerprints were on one of the knives left at the crime scene; his apartment contained forks similar to those knives, as well as bloody shoes that matched the description of the shoes taken from the store; and he had unexplained scratches on his face and legs.

■ Stanhope's *Brady* claim is also without merit. The record fully supports the state court's determination that no lenity agreement between Brammer and the government ever existed. Against the government's firm denial that any deal existed, Stanhope managed to offer only his mother's affidavit relating her conversation with Brammer in which Brammer stated that he was threatened with prosecution on unrelated child molestation charges unless he testified against Stanhope. In light of this flimsy and belated hearsay evidence—produced six years after Brammer's death and eight years after the trial—we cannot say that the state court determination was unreasonable. *See* 28 U.S.C. § 2254(d)(2).

For the foregoing reasons, we affirm the district court's denial of Stanhope's habeas petition.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.